UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH P. GUTIERREZ,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

No. C 11-4527 SI (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Joseph P. Gutierrez, a detainee at the federal detention facility in Dublin, California, filed this civil action concerning his detention in connection with the revocation of his federal parole. He commenced this action by filing a "motion for appt of counsel fed. detainer" and later filed a 28 U.S.C. § 2255 motion "attacking a sentence imposed by that court." (Docket # 1, # 6.)

## BACKGROUND

Gutierrez's several filings provide the following information: Gutierrez was convicted in the U.S. District Court for the Middle District of Tennessee in 1979 of possession of explosives and arson for hire. He was sentenced to 10 years in federal prison at one-half or one-third time. Docket # 6, ¶. 2, 4. Gutierrez was released from federal prison in 1982, at which time his parole term commenced. *See id.* at 4. Gutierrez then committed a kidnapping in California in 1983 that was prosecuted by state authorities and led to a lengthy prison term in

a California prison.[1] During his incarceration in California, the U.S. Parole Commission issued a parole violator warrant and detainer for Gutierrez. In about 1996, his efforts to have the parole violation term served concurrently with the state sentence were rejected. In August 2011, Gutierrez was paroled from the California prison. The U.S. Marshal promptly took him into custody on a parole violation pursuant to an order from the U.S. Parole Commission. Gutierrez's filings suggest that the federal parole violation was the commission of the kidnapping that led to his stay in California prisons. *See* Docket # 6, p. 3.

In his § 2255 motion, Gutierrez argues that this court should order him released on parole in California because his lengthy stay in California prison "satisfies any punitive penalties imaginable by U.S.P.C." *Id.* at 4. Gutierrez also moves for appointment of counsel "to represent him before the U.S. Parole Commission in the instant court, on parole violation charges." Docket # 1, p. 1. Gutierrez also asks that he not be transferred away from Dublin to another part of the country because his family lives in this area. *See* Docket # 1, p. 3. Finally, Gutierrez asks that this court "'adopt' his 1979 conviction . . . from the U.S. District Court, Middle District of Tennessee," then "vacate any potential penalties on the federal detainer" and order his release on state parole. Docket # 8, p. 2.

**DISCUSSION**

"If any parolee is alleged to have violated his parole, the Commission may . . . issue a warrant and retake the parolee." 18 U.S.C. § 4213(a)(2). If a parolee is convicted of a crime while on parole, he must receive a parole revocation hearing within 90 days of the "retaking." See id. § 4214(c).

Gutierrez has provided too little information for the court to determine whether he has stated a claim upon which relief may be granted. It is not clear whether he has had his parole revocation hearing yet. His request that counsel be appointed for such proceedings indicates that the hearing has not yet occurred, but his request for the court to override the U.S. Parole

---

[1] Gutierrez was sentenced in 1985 to life in prison plus nine years upon his conviction of two counts of kidnapping for robbery based on a crime committed on November 16, 1983. *See* Order Denying Petition For Writ of Habeas Corpus (Docket # 16) in *Gutierrez v. Kane*, No. C 05-1537 SI.

Commission suggests that it might have occurred. And some of his statements seem to indicate that he wants the court to displace the Parole Commission and make a determination on its own that it is unfair to revoke parole.

If the parole revocation hearing has not yet occurred and Gutierrez wants to seek an order compelling the hearing to be held, he should file a petition for writ of mandamus. *See Johnson v. Reilly*, 349 F.3d 1149, 1153 (9th Cir. 2003); *Thompson v. Crabtree*, 82 F.3d 312, 314 n.1 (9th Cir. 1996). A habeas petition is not the proper process to compel the Parole Commission to hold a hearing. *See generally Benny v. United States Parole Commission*, 295 F.3d 977, 989-99 (9th Cir. 2002). The federal mandamus statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361; *see also Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986) (mandamus relief only available to compel an officer of the United States to perform a duty if: (1) the plaintiff's claim is clear and certain; (2) the duty of the officer is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available).

If the parole revocation hearing has occurred and Gutierrez wants to challenge the parole revocation decision by the Parole Commission, he may do so by submitting a habeas petition under 28 U.S.C. § 2241. He has not alleged an error by the U.S. Parole Commission and appears to be petitioning for release based only on his personal preference to be out of prison and in the State of California. Gutierrez is cautioned that the scope of this court's review of the Parole Commission's decision to revoke parole is very narrow: the court may consider only whether the Commission exceeded its statutory authority or violated the constitution. *See Wallace v. Christensen*, 802 F.2d 1539, 1551-52 (9th Cir. 1986). The minimum due process requirements in a parole revocation hearing include: "(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board,

members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole." *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). Additionally, judicial review of a federal parole decision generally is available only after administrative remedies established by the U.S. Parole Commission have been exhausted. *See Weinstein v. U.S. Parole Comm'n*, 902 F.2d 1451, 1453 (9th Cir. 1990); 28 C.F.R. §§ 2.23, 2.26. If Gutierrez files a habeas petition, he needs to identify the specific errors of the Parole Commission, and should file such a petition only after exhausting administrative remedies.

Gutierrez used the form for a motion pursuant to 28 U.S.C. § 2255. That section authorizes the federal sentencing court to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Although he used a § 2255 motion form, the substance of Gutierrez's arguments do not appear to include an attack on the sentence imposed in the U.S. District Court of the Middle District of Tennessee in about 1979. If Gutierrez does want to seek § 2255 relief, he must file his motion in the Middle District of Tennessee. This court has no authority to "adopt" his case from the Middle District of Tennessee, as he requests.

Gonzales' request for appointment of counsel is DENIED as premature. (Docket # 1.) It is premature for the court to consider appointing counsel because the court cannot determine what kind of petition Gonzales intends to pursue and whether he would be entitled to counsel for such a petition.

Gutierrez also states that he has several serious medical conditions of concern to him. If he wants to complain about the medical care in custody, he may file a civil rights complaint (also sometimes known as a *Bivens* action when the defendants are federal actors) after exhausting administrative remedies for any claims therein.

Gutierrez's *in forma pauperis* application is DISMISSED as unnecessary because he paid the filing fee. (Docket # 5.)

4

Gutierrez's "motion requesting permission to supplement motion filed Sep. 11, 2011 and Habeas Corpus Pet." is DENIED. (Docket # 8.) The court does not have the authority to take the steps Gutierrez requests. Specifically, the court does not have the authority to adopt a criminal case from the Middle District of Tennessee and does not have the authority to simply vacate any potential penalties on the federal detainer so as to release him from custody without any showing of a violation of the constitution or laws of the United States

## CONCLUSION

For the foregoing reasons, this action is dismissed with leave to file either a petition for writ of habeas corpus under 28 U.S.C. § 2241 or a petition for writ of mandamus. The petition must be filed no later than **January 20, 2012**. Failure to file the petition by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: December 14, 2011

_____
SUSAN ILLSTON
United States District Judge